IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDDIE PATTERSON, Petitioner *
v. * CIVIL ACTION NO. AMD-05-3075
STEPHEN DEWALT, Respondent *
***

MEMORANDUM

Eddie Paterson, a federal inmate, has filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the denial of a discretionary sentence reduction by the Bureau of Prisons. The application shall be denied.

I.

The Violent Crime Control and Law Enforcement Act of 1994 requires the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." Among other things, the law provided incentives for prisoners to participate in such a program, known as the Residential Drug Abuse Program ("RDAP"), including the possibility of an early release from incarceration. The relevant provision provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2).

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found in 18 U.S.C. § 924(c)(3).[*] The BOP issued a regulation, 28 C.F.R.§ 550.58, which further elaborated three prerequisites for early release eligibility: the inmate (1) must have been sentenced to a term of imprisonment for a nonviolent offense; (2) have a substance abuse problem; and (3) successfully complete a residential drug abuse treatment program while incarcerated.

The current regulation categorically excludes certain inmates from eligibility for early release. Present section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> (i) INS detainees;
> (ii) Pretrial inmates;
> (iii) Contractual boarders (for example, D.C., State, or military inmates);
> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
> (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
> (vi) Inmates whose current offense is a felony:

---

[*] 18 U.S.C. § 924(c)(3) defines "crime of violence" as: "[a]n offense that is a felony and-- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
> (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
> (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58.

The BOP has also adopted so-called "program statements" to supplement 28 C.F.R. § 550.58. Program Statement 5162.04, entitled "Categorization of Offenses," was promulgated to assist BOP employees in interpreting the revised regulation. The current version of Program Statement 5162.04 enumerates various federal offenses which the BOP has determined to be "crimes of violence," and identifies other offenses which, while not necessarily a "crime of violence," nonetheless render those prisoners ineligible for certain BOP program benefits, including early release under 18 U.S.C. § 3621(e). Subsection (c) provides, in relevant part:

> In some cases an inmate may be convicted of an offense listed in [21 U.S.C. §841] as well as 18 U.S.C. § 924(c)(1), use of a firearm during a crime of violence or drug trafficking crime. According to the U.S. Sentencing Guidelines, if a defendant receives a § 924(c)(1) conviction, the court may not assess a two-level "Specific Offense Characteristic" enhancement for a possession of a firearm; however, in light of the Supreme Court ruling in Bailey v. U.S., 116 S.Ct. 501 (1995), a number of § 924(c)(1) convictions have been vacated. In Bailey, the Court held that the term "use" connotes an active employment of the firearm. *If any of the offenses listed in this section were accompanied by a § 924(c)(1) conviction that was subsequently vacated due to the Bailey decision, staff shall presume that the inmate would have received a two-level "Specific Offense Characteristic" enhancement for possession of a firearm unless there is a specific court order to the contrary. Thus, absent a court order specifically denying the application for a two-point enhancement for possession of a firearm, the inmate will not receive certain bureau program benefits*.

Program Statement 5162.04(c)(emphasis added). It is this provision which Patterson seeks to challenge, both on its face and as applied.

II.

Patterson, who is housed at FCI-Cumberland, alleges that the BOP has wrongfully denied him early release under 18 U.S.C. § 3621(e)(2)(B) by its reliance on Program Statement 5162.04(c). Patterson pled guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and use and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and received a sentence of 240 months. On May 31, 1996, the conviction for violation of 18 U.S.C. § 924(c)(1) was vacated under *Bailey* and his sentence was reduced by 60 months to 180 months. Patterson began the nine-month RDAP program in October 2004, and completed same in July 2005. Nevertheless, in reliance on Program Statement 5162.04(c), the BOP has declined to award Patterson early release from incarceration.

III.

Patterson mounts a multi-pronged attack on the BOP's decision to deny him a sentence reduction. First, he claims that the BOP has acted in an "arbitrary, capricious, and unreasonable" manner. Second, he asserts that the Program Statement violates the Due Process Clause and the *Ex Post Facto* Clause. Finally, he contends that the Program Statement is invalid in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) (federal sentencing guidelines advisory only, not mandatory). None of his grounds for relief have merit.

IV.

There is no dispute that Patterson has successfully completed participation in the RDAP. The BOP contends that although Patterson's 924(c)(1) conviction was vacated under the holding of *Bailey,* it has permissibly presumed (absent a court order to the contrary), in accordance with Program Statement 5162.04(c), that Patterson would have received a two-level "Specific Offense Characteristic" enhancement for possession of a firearm in the calculation of his sentence under the sentencing guidelines for his drug convictions, thus making him ineligible for early release.

In the present context, the decision to reduce an inmate's term of imprisonment is committed to the discretion of the BOP. *See Lopez v. Davis*, 521 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes the drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *see Wottlin v. Fleming*, 36 F.3d 1032, 1035 (5th Cir. 1998) ("Section 3621(e)(2(B) explicitly leaves sentence reductions to the discretion of the BOP."); *Tasby v. Pratt*, 2002 WL 1160071 (N.D. Tx. 2002) ([A] "decision to exclude [prisoners that had a firearms sentence vacated by *Bailey*] from consideration for early release is a valid exercise of the Bureau's discretion."). An inmate's eligibility for participation in RDAP, the determination of whether an inmate has successfully completed the program, and the amount, if any, of reduction of sentence earned by successful completion of the program, are all matters left to the discretion of the BOP.

The court finds no constitutional or statutory violation committed by the BOP in its promulgation of Program Statement 5162.04 or its application to petitioner. Plainly, under the above precedents, the Program Statement represents a permissible exercise of the BOP's discretion and an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58.

There is no violation of due process shown here. By virtue of a valid criminal conviction and his subsequent legal confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). The Constitution itself does not create a protected liberty interest in the expectation of early release. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). There is no protected liberty interest in the discretionary early release for completing the RDAP program. *See, e.g., Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Jacks v. Crabtree*, 114 F.3d 983, 986, n. 4 (9th Cir. 1997); *Fonner v. Thompson*, 955 F. Supp. 638, 642 (N.D. W.Va. 1997). The fact that the BOP erroneously determined that Patterson was conditionally eligible, only to correct its error later, does not alter that conclusion. *See Sandin*, 515 U.S. at 478-87 (while a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989).

Nor has Patterson stated a cognizable *ex post facto* claim. The offenses for which petitioner was convicted occurred between January 1, 1990, and August 6, 1992. Paper No. 4, Ex. 1. Title 18

U.S.C. § 3621(e), which created the program giving the BOP the discretion to reduce the sentence to eligible prisoners who completed RDAP, was not enacted until September 13, 1994. Accordingly, there was no possibility of a sentence reduction at the time Patterson committed the offenses, and therefore there can be no *ex post facto* violation. *See Royal v. Tombone*, 141 F.3d 596, 603 (5th Cir. 1998) (Since "there was no possibility of a reduction in [petitioner's] sentence on this basis at the time he committed the offense, the fact that he is not eligible for the reduction does not render Program Statement 5162.02 . . . more onerous than the law in effect on the date of the offense, as is required for an ex post facto violation.").

Moreover, the challenged BOP policy clearly is an interpretive rule. The *Ex Post Facto* Clause provides that: "no *ex post facto* law shall be passed." U.S. Const., Art. I, §9. "As the text of the Clause makes clear, the *ex post facto* clause applies only to 'laws.'" *See United States v. Ellen*, 961 F.2d 462, 465 (4th Cir. 1992). Although not all actions of an administrative agency, including a Parole Commission are exempt from *ex post facto* scrutiny, "when an agency promulgates an interpretive rule, the *Ex Post Facto* Clause is inapplicable." *Id.*; *see also Woodley v. DOC*, 74 F. Supp. 2d 623, 631 (E.D. Va. 1999).

Finally, Patterson's contention that the Supreme Court's opinion or reasoning in *Booker* renders impermissible the Program Statement's presumption regarding a firearms enhancement is unavailing. A similar argument was rejected by the United States District Court for the District of West Virginia. *See Dellinger v. Gutierrez*, 2005 WL 3536070, *1-3 (N.D.W.Va. Dec. 22, 2005) (adopting report and recommendation of Magistrate Judge at 2005 WL 3527299 (N.D.W.Va. Sept. 27, 2005)). The *Dellinger* court denied the petition for habeas corpus relief filed under 28 U.S.C.§ 2241, finding that petitioner, who received a two point gun enhancement under the sentencing

guidelines at sentencing and was therefore subsequently denied a sentence reduction by the BOP after his completion of the RDAP program, was not entitled to have *Booker* applied retroactively to him. *See also United States v. Morris*, 429 F.3d 65, 66-67 (4th Cir. 2005)(*Booker* not applicable retroactively to case son collateral review).

V.

For the reasons stated above, petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 will be denied. A separate order follows.

Filed: May 26, 2006

_/s/__________________________
Andre M. Davis
United States District Judge